# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1398V
(not to be published)

| | |
|---|---|
| DIANE BLAKE,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: December 8, 2022<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates |

*Andrew Donald Downing*, Downing, Allison & Jorgenson, Phoenix, AZ, for Petitioner.

*Benjamin Patrick Warder*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On October 15, 2020, Diane Blake filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered cardiomyopathy and nerve injury to her right shoulder/arm, which were caused-in-fact by the influenza vaccination she received on December 18, 2019. Petition at 1, 4. On August 30, 2022, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No.43).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated August 30, 2022 (ECF No. 37), requesting a total award of $20,066.97 (representing $19,330.00 in fees and $736.97 in costs). Respondent reacted to the motion on September 9, 2022, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. (ECF No. 38). Petitioner did not file a reply.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs to successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests compensation for attorney Andrew D. Downing at the rates of $385 per hour for time billed in 2018-21, and the rate of $445 for 2022. ECF No. 37 at 6. Additionally, Petitioner request the following rates for Courtney Jorgenson:[3] $275 per hour for 2020-21, and $345 per hour for 2022. And for attorney Ann Allison, Petitioner requests the rate of $415 per hour for time billed in 2022. *Id.* at 7. Mr. Downing, and Ms. Jorgenson have previously been awarded these rates for the 2018-21 time period, and I find no reason to deviate from these rates. The requested rate for Ms. Allison is also reasonable based on her overall legal experience.[4]

However, the requested rates for Mr. Downing and Ms. Jorgenson for 2022 are inconsistent with rates that have been previously awarded for their work. *See Einweck v. Sec'y of Health & Hum. Servs.*, No. 20-559V, 2022 WL 3011016 (Fed. Cl. Spec. Mstr. June 24, 2022); *Thoma v. Sec'y of Health & Hum. Servs.*, No. 19-1848V, 2022 WL 3573421 (Fed. Cl. Spec. Mstr. July 14, 2022) (awarding rates of $415.00 and $325.00, respectively, for time billed in 2022). The rates requested for 2022 appear to reflect a mid-year rate increase of between $20.00 to $30.00 for both attorneys. But although the size of the proposed increases are not *per se* objectionable, it is not the practice of the OSM to afford mid-year rate increases to attorneys under any circumstances.

I shall therefore reduce the requested 2022 rates for Mr. Downing and Ms. Jorgenson to the those previously awarded. This reduces the amount of attorney's fees to be awarded by **$150.00**.[5] I otherwise see no reason to reduce fees awarded based on work performed, which was reasonably spent on the matter.

## ATTORNEY COSTS

Petitioner requests $736.97 in overall costs. (ECF No. 37 at 4). This amount is comprised of obtaining medical records, postage and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable, and shall therefore award them in full.

---

[3] This is the married name for attorney Van Cott.

[4] Ms. Allison has been a licensed attorney for over 30 years, and her requested rated is deemed reasonable as she is new to the Vaccine Program, with this being one of her first cases.

[5] This amount consists of $445 - $415 = $30 x 5 hrs = $150.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$19,916.97** (representing $19,180.00 in fees and $736.97 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.